## STATE v. COMMISSIONERS OF THE LEVY COURT.

Court of Common Pleas. New Castle. May 25, 1797.

*Rodney's Notes.*

*Miller* moves to quash the indictment. That [the] Commissioners form a court and act judicially, not executively or ministerially; have a right to exercise their judgment, and will not direct repairs unless in their judgment they should be necessary; also, the Commissioners form a corporate body, and are not indicted in their individual capacity. 2 Del.Laws 1086, c. 18, June, 1793: to be elected in same manner as representatives; to exercise all the powers of Levy Court and Appeals. 1 Body Laws 232, 234: said Court is constituted a court of record; a clerk appointed for keeping minutes of their proceedings; have power of hearing complaints redressing grievances, etc. February 7, 1796 [2 Del.Laws 1247]: for valuation of real and personal property, section 15; section 21, common pleas to appoint two constables; section 22, power to summon witnesses. 12 Co. 25, no judge of assize, or one acting under a commission in court of record, or a justice of the peace shall be called to account or answer to another court, for what was done by him openly and in execution of his office. 2 Mod. 218, *Hammond v. Howel, Recorder of London*. For fining and committing the jury in the case of *Pennsylvania v. Meade* and imprisoning them, for acquitting them contrary to opinion of the court. Action brought (by plaintiff, one of the jurors) for false imprisonment. *Per curiam,* the bringing this action a greater offense than fining the jury. Admitted that where judges are acting as a court they are not liable to an action. 12 Mod. 386, *Grenville v. College of Physicians*. If Commissioners did make a grant of money, it was within their jurisdiction, and if they did not, they were not accountable. Ld.Raym. 454. 3 Com.Dig. 502. 1 Body Laws 336, all bridges over deep waters etc. within the county shall be repaired at the public expense. As they only regulate the finances of the county, if they strike the money necessary for repairs they have done their duty, and are not to execute the repairs. Charge laid in the indictment is for not repairing the bridge. Also, I contend that the defendants are not named in the indictment personally. 12 Mod. 559, *Sutton the Marshal's Case*. A corporation is not indictable but the particular members are.

*Ridgely,* Attorney General. Constitution, Art. 6, s. 1; judicial power or courts of record of this state therein mentioned, the Levy Court not among them. Delaware laws [impose] a power and injunction on the Levy Court to take care of such matters as were beneficial to the counties. There is no other power in the county to repair this bridge but the Levy Court. If they do not, it cannot be done. 2 Body Laws 91, 94, the overseers cannot by law repair it. The cases read by defendants' counsel do not apply. They all go to show that judges etc. are not liable for mistakes, not for neglect of duty. 2 Body Laws 287. The legislature does not consider the Levy Court as a Court of Record no more than they do the Recorder, and it might as well be said the Recorder was not liable for neglect. Ld.Raym. 467, a court of record judge etc. must have the power to examine, hear, convict, and punish. Levy Court have no power to compel payment of fines but they must be recovered before a justice. 2 Bl.R. 1141, in some causes, action will lie for exceeding their jurisdiction. Commissioners of bank have some, though a limited, judicial power and were liable if they exceeded it. [1] Dall. 8. A justice is judge of record, yet if a justice of the peace neglects his duty, he is liable. 1 Str. 21, an information allowed against recorder for absenting himself voluntarily. 1 Str. 413, an information against [——] for [——] [1] 2 Hawk.P.C. 343, where two justices did not choose to inquire, they were indicted. 1 Salk. 381, where an officer acts as judge and neglects a duty required of him, he is indictable. 3 Com.Dig. 502, but where he did hear and determined though he was, mistaken yet, he is not liable to indictment. 3 Bac.Abr. 96. 2 Co.Inst. Where a statute commands a matter of public convenience, every disobedience is indictable.

*Miller.* Bro.Abr. 184. Trespass will not lie against a corporation by their individual names, but should be by their corporate name. 12 Mod. 403. The Supreme Court, if an inferior court neglect their duty, may issue their mandamus.

*George Read* for State. 1 Body Laws 34, Levy Court established for county purposes; 234, shall settle and adjust the sums necessary for public uses. Defendants are charged by their individual names and of whom the Levy Court are formed, and certainly proper. 1 Bl.Comm. 475. Levy Court no corporation. They do not possess the requisites of purchasing lands, etc. The Levy Court shall grant the money, and the Act, [1 Body Laws] 336, says bridges shall be repaired. 8 Mod. 326, if two justices had made an order to remove a poor person (so as to endanger

---

[1] Blanks in manuscript.

life) they would have been liable to an information for the abuse of their power. "May" in the case of a public officer tantamount to "shall." Skinn. 370. Indictment against inhabitants of a county refusing or omitting to raise a rate. Court refused to quash the indictments. Show. 75. 2 Str. 920. Where a person refuses to conform to an act, he is indictable. 2 Str. 1146. Disobeying of a statute is indictable at common law. Esp.N.P. 668. The court will not grant mandamus where the inferior court has competent jurisdiction.

*Caesar Rodney.* Question for the Court to determine is the charge laid, indictment or not. This being the first attempt to indict the Levy Court is a good reason that it should not now be done. The bridges over Jones and Worrles bridge now not passable. Why not then indict Levy Court of Kent? They have charged us with not repairing the bridge in the indictment. The charge should have been for not levying money for that purpose.

*Miller.* From the laws of the state the Levy Court are a court of record.

PER CURIAM. This indictment should be quashed. First, because from a view of and attention to the laws on this subject there does not appear to be an express injunction on the Levy Court to repair bridges over deep waters, but only that they should estimate and levy money for that purpose. And consequently an indictment should not be maintained by construction or implication. The Levy Court is not a court of record. The Act of 1793, if unconstitutional, is not to be taken notice of by this Court, unless it appears on the face of the law it was passed agreeably to the terms of the Constitution.

*Quaere.* Whether indictment might not be sustained at common law (Rodney).